```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MICHAEL IDOWU,                             :

              Plaintiff,                   :       MEMORANDUM & ORDER

       -against-                           :       12 Civ. 1238 (BSJ)(KNF)

GARY MIDDLETON, JOHN SUPPLE,               :
JOSEPH AVANZATO, CHARLOTTE
PETERSON,                                  :
              Defendants.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
```

Before the Court is plaintiff Michael Idowu's ("Idowu") letter of December 11, 2012, which the Court construes liberally to be a motion for reconsideration of the Court's December 4, 2012 memorandum and order, Docket Entry No. 33, denying his application for the Court to appoint counsel to assist him in prosecuting this action. In his December 11, 2012 letter, Idowu informs the Court that he suffers from "mental health disabilities," that will impair his ability to represent himself, and contends that his likelihood of success on the merits should not be determinative, with respect to his application for court-appointed counsel.

An application for reconsideration of a determination on a motion is governed by Local Civil Rule 6.3 of this court, and is committed to the sound discretion of the Court. See Jackson v. Killian, No. 08 Civ. 4386, 2010 WL 2103646, at *1 (S.D.N.Y. May 25, 2010). "The standard for granting . . . [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the

1

conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). In addition, a motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice."[1] Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

In his request for reconsideration, Idowu makes citation to his mental disabilities, urging that the Court appoint counsel to assist him because, as a result of his "mental health disabilities," he cannot represent himself effectively. Idowu also contends that his success at trial is not the only factor the Court should consider when deciding whether to appoint counsel to assist him.

The information Idowu has provided about his "mental health disabilities" is new information that was not included in his motion for court-appointed counsel. As this new information is not "data the court overlooked," since it was not presented in the motion for court-appointed counsel, this information provides no basis for granting Idowu's application for reconsideration. See Shrader, 70 F.3d at 257. Furthermore, the Court's December 4, 2012 memorandum and order, explains that Idowu's "Eighth Amendment claims do not appear likely to have merit." The merit of the claims made by a civil litigant seeking court-appointed counsel is the threshold inquiry a court must make when analyzing such an application. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). If the threshold is not met, that is, the plaintiff's claim(s) appears to lack substance, no other factors need to be considered by the Court. See id.

---

[1] In the context of a motion for reconsideration, "manifest injustice" is defined as "an error [committed by] the trial court that is direct, obvious, and observable." In re Oak Park Calabasas Condo. Ass'n, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (citations omitted); see also OGI Oceangate Transp. Co. Ltd. v. RP Logistics Pvt. Ltd., No. 06 Civ. 9441, 2007 WL 2900225, at *1 (S.D.N.Y. Oct. 4, 2007) (noting that "reconsideration is not warranted unless the prior decision is dead wrong." (internal quotation marks and citation omitted).

Inasmuch as Idowu has not identified controlling decisions or data the Court overlooked, reconsideration is not warranted.

## CONCLUSION

For the reasons set forth above, Idowu's request for reconsideration of the Court's December 4, 2012 memorandum and order, denying his application for court-appointed counsel, is denied.

Dated: New York, New York
January 31, 2013

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Michael Idowu

3